Curia, per

O’Neall, J.
The defendant’s argument Aere has placed his defence upon a very plain ground, that when the landlord’s title after the granting of the lease has been determined, the tenant may shew it; Com. on Land. & Tenant, 521. But the report does not justify us in saying that the defendant offered to shew, as his argument assumes, that “ the plaintiff’s title %oas the interest of one Belton during life, and that he d,ied soon after the tenancy began." If this had been so, there is no doubt the proof to shew the failure or cessation of the plaintiff’s title, was admissible. Taking the case as it was presented to the Judge below, still we think the defence was admissible, and ought to have been considered by the Judge. The defendant proved, that the plaintiff told him, after the note was given, that he would not claim the rent, if the title to the land was in another. Then the defendant proposed to shew that the plaintiff had not title. This the presiding Judge refused to hear. There is no doubt about the general rule that a tenant cannot shew that “ his lessor never had title Com. on'Land. & Ten. 521. But there is no doubt that this rule is for the protection of the landlord, *152 and if he chooses to waive it, he has the right to do so. It is in this point of view, that I regard the landlord’s declaration, that he would not claim the rent if the title was in another. But it is said, this was not binding on the landlord. Why not'/ If title te in another, his tenant might be sued, and the rent recovered from him as damages by the person having the title paramount. This, if the tenant had paid the rent, would necessarily give him the right to recover over against his landlord. So, too, if the tenant were evicted by the paramount title, it is perfectly clear that he could give the eviction in evidence against the c]aim for rent, — where it had not been paid; Com. on Land. & Ten. 523. To avoid the necessity of the tenant submitting to be sued, the landlord might very legally arrange with him, “ if you can shew title in another, I will not claim the rent, — you may pay it to him.” This being the case, it followed, that under such an arrangement with the tenant, the proof of paramount outstanding title was admissible by the consent of the landlord. The motion for a new trial is granted.
Richardson, Butler and Wardlaw, JJ. concurred. 5